# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff/Respondent, | ) | |
| vs. | ) | Case No. CR-08-0055-F |
| ROY DEAN BULLCOMING, | ) | |
| Defendant/Movant. | ) | |

## ORDER

Defendant-movant Roy Dean Bullcoming has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence as a person in federal custody. (Motion at doc. no. 75, memorandum in support at doc. no. 76.) Mr. Bullcoming states three grounds for relief, each based on ineffective assistance of counsel. The government has responded by objecting to the motion, and Mr. Bullcoming has filed a reply brief which includes a personal affidavit. Mr. Bullcoming proceeds *pro se* and his pleadings are liberally construed.

## Background

Mr. Bullcoming is a member of the Cheyenne and Arapaho Tribes of Oklahoma.

A fifteen-count indictment was filed against Mr. Bullcoming on February 20, 2008. Mr. Bullcoming entered a plea of guilty to count one, pursuant to a written plea agreement.

Count one charged that Mr. Bullcoming, an elected tribal representative, expended $5,000.00 in tribal funds to purchase a Grand Am car, title for which was registered to Mr. Bullcoming and not to the tribes.

The plea agreement provided that Mr. Bullcoming waived the right to appeal his sentence or other collateral issues described therein unless the court imposed a sentence above the calculated guideline range, which it in fact did on January 6, 2009 after a sentencing hearing. Whereas the guideline range was twelve to eighteen months, Mr. Bullcoming was sentenced to 36 months of incarceration followed by three years of supervised release. He was also ordered to pay restitution in the amount of $101,585.68. Of this amount, $17,064.94 was a joint and several obligation along with Louella Oldbear, his former assistant. Under the plea agreement, counts two through fifteen were dismissed following sentencing.

Mr. Bullcoming appealed, arguing that the government had breached the plea agreement and that the court had abused its discretion in varying upward in imposing sentence. The appeal did not raise the ineffective assistance of counsel issues raised in this § 2255 motion as such claims are generally not brought on direct appeal but in collateral proceedings. *See*, United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) ("Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed").

On appeal, the Tenth Circuit rejected Mr. Bullcoming's claim that there had been a breach of the plea agreement, upheld the upward variance and affirmed Mr. Bullcoming's sentence in all respects in a published opinion, United States v. Bullcoming, 579 F.3d 1200 (10th Cir. 2009).

## Summary of Grounds for Relief

Mr. Bullcoming presents three grounds for relief.

In ground one Mr. Bullcoming argues that he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution,

because his counsel purportedly informed him that per the plea agreement he would serve no more than a twelve to eighteen month sentence. He also argues that his counsel misadvised him that if he pleaded guilty to embezzling $5,000.00, he would be liable for restitution only in that amount.

In ground two Mr. Bullcoming argues that he was denied effective assistance of counsel because he was advised by his attorney to enter a guilty plea although he was actually innocent as he was operating under a tribal plan which allowed him to use tribal funds yet his counsel failed to investigate these substantive issues.

In ground three Mr. Bullcoming argues that he was denied effective assistance of counsel because his attorney did not advise him that he was allowed to present mitigating evidence at the sentencing proceeding.

Standards

To succeed on a claim of ineffective assistance of counsel, a defendant must establish both representation below an objective standard of reasonableness and also such prejudice from deficient representation that, absent counsel's errors, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). With respect to the first requirement, defense counsel is strongly presumed to have acted within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. The defendant bears the burden of overcoming this presumption. United States v. Voigt, 877 F.2d 1465, 1468 (10th Cir. 1989). With respect to the second requirement, prejudice is shown only where a defendant shows a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland, 466 U.S. at 694. A reasonable probability is

a probability sufficient to undermine confidence in the outcome. *Id*. The prejudice component of the Strickland test focuses on whether counsel's deficient performance renders the result of the proceedings unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Ground One.

The court first considers Mr. Bullcoming's argument that his counsel provided ineffective assistance, based on the contention that his attorney advised him his sentence would only be twelve to eighteen months. With respect to the reasonableness of his attorney's performance, the first prong of the Strickland test, the court finds that as reflected by the record of proceedings at sentencing, the twelve to eighteen month calculation was an accurate calculation of the guidelines range. More important here, however, is the second component of the Strickland test, the prejudice component. During the plea colloquy the court asked Mr. Bullcoming if he understood that the sentence to be imposed might be different from any estimate that defendant's counsel had given Mr. Bullcoming. Mr. Bullcoming answered "yes." The court then went further and asked Mr. Bullcoming if he also understood that after his advisory guidelines range had been determined, the court had the authority to depart outside the framework and impose a more severe sentence. Again, Mr. Bullcoming answered "yes." (For references in this paragraph, see plea tr., pp. 9-10, attached to doc. no. 79 as ex. 1.)

In these circumstances, the court finds that no prejudice has been shown as a result of the alleged misstatement or miscommunication by Mr. Bullcoming's counsel. Whether or not Mr. Bullcoming accurately understood the sentencing options available to the court as a result of conversations with his counsel, he clearly

understood that the court had the ability to impose a longer sentence as confirmed in the court's colloquy with Mr. Bullcoming during proceedings.

Mr. Bullcoming also argues that he was misadvised by his counsel that he would only be liable for restitution in the amount of $5,000.00. The plea agreement (doc. no. 41, ¶ 7), however, stated as follows.

> Based upon the information that is known to the parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions at sentencing: The parties hereby stipulate that the total amount of loss that should be attributed to this defendant for guideline calculation purposes is $95,350.75 and an order of restitution must be entered to reimburse the victim(s) of the crimes in that amount.

During the plea colloquy the court made sure the defendant knew he would be required to pay full restitution for all of his relevant conduct, not just for the $5,000.00 crime to which he pled guilty. To that end, the court asked Mr. Bullcoming whether he understood that if his plea were accepted, that at sentencing he would then be rendered liable for restitution in an amount slightly in excess of $95,000.00. Mr. Bullcoming answered "yes." (Plea tr., p.8, attached to doc. no. 79 as ex. 1.)

The court finds that even if Mr. Bullcoming had been misadvised by his attorney regarding the fact that he would only be required to pay restitution in the amount of $5,000.00, there would have been no resulting prejudice because the court made sure, in its colloquy with Mr. Bullcoming during plea proceedings, that Mr. Bullcoming knew his plea meant he would be required to make restitution in an amount over $95,000.00.

Mr. Bullcoming also argues ineffective assistance of counsel based on his contention that his guilty plea violated Rule 11, Fed. R. Crim. Pro., because his

petition to enter a plea of guilty stipulated to only $5,000.00 of loss to the tribe.[1] Mr. Bullcoming argues that his counsel, along with the court and the prosecutor, neglected this conditional stipulation which resulted in a violation of Rule 11.

In support of this argument, Mr. Bullcoming cites ¶ 49 of the plea petition. (Doc. no. 40.) In this paragraph Mr. Bullcoming states, "I obtained a tribal check in the amount of $5000.00 and without valid tribal approval used said funds for the purchase of a 2001 Pontiac car." This portion of the plea petition merely establishes the factual basis for the single count that the defendant pled guilty to, count one. The plea agreement states the parties' stipulation that the total amount of the loss for guidelines purposes was $95,350.75 and that an order of restitution to reimburse the victims of the crimes must be entered in that amount. (Plea agreement, doc. no. 41, ¶ 7.) During the plea proceedings the government advised Mr. Bullcoming of the higher restitution amount applicable, and the court also explained this fact and made sure that Mr. Bullcoming understood it. (Plea tr., p. 8, attached to doc. no. 79 as ex. 1.)

Mr. Bullcoming has not shown that his plea agreement was conditioned on a stipulation that he would only be required to make restitution in the amount of $5,000.00. No violation of Rule 11 has been shown and no ineffective assistance of counsel has been shown in regard to any alleged violation of Rule 11.

With respect to all of the alleged failures of counsel alleged by Mr. Bullcoming in this action, see and compare generally U.S. v. Carr, 80 F.3d 413 (10th Cir. 1996).

---

[1] Mr. Bullcoming's memorandum (doc. no. 76, p. 3) refers to Rule 11, and then more specifically argues that Rule 11(d) was violated. Rule 11(d) pertains to withdrawal of a guilty plea. Mr. Bullcoming never moved to withdraw his plea. Subsection (d) of Rule 11 has no application and was not violated.

The defendant in Carr argued that his counsel rendered ineffective assistance because counsel incorrectly told defendant that defendant faced a mandatory life sentence if convicted following a trial, when, in fact, the defendant might not have been subject to a mandatory life sentence due to an infirmity in his prior conviction. *Id*. at 418.[2] Carr held that no ineffective assistance of counsel had been shown within the meaning of Strickland because no prejudice resulted from the alleged misrepresentations by the defendant's counsel regarding the consequences of the plea, where the information counsel allegedly withheld was contained in the plea letter. *Id*. at 418-19. Similarly here, the matters about which Mr. Bullcoming complains he was misinformed by his counsel were clearly covered by the court in its detailed plea colloquy with Mr. Bullcoming in open court as well as in the plea papers. Mr. Bullcoming stated at the plea proceedings that he had reviewed the plea agreement and that he understood its essential terms. No prejudice has been shown as a result of the alleged failures of Mr. Bullcoming's counsel.

Mr. Bullcoming has not shown that he was deprived of effective assistance of counsel for any of the reasons stated in his first ground for relief.

## Ground Two.

In his second ground for relief Mr. Bullcoming contends that he was misadvised by his counsel to enter a guilty plea when he was actually innocent. His claim of actual innocence rests on his position that his conduct charged in the indictment was permitted under the Cheyenne and Arapaho Tribes Gaming and Revenue Allocation

---

[2]Carr is not a § 2255 case, but presents the rare situation in which an ineffective assistance of counsel claim is properly addressed on direct appeal because the defendant based his motion to withdraw his plea on an allegation of ineffective assistance of counsel and the trial court held a lengthy hearing on the issue and made a specific finding on that issue. Carr at 416, n.3.

Plan for Fiscal Year 2002. Mr. Bullcoming complains that this plan document was never presented to the court by his counsel at the plea or sentencing proceedings. He complains that his counsel failed to adequately investigate substantive issues raised by the 2002 plan. Mr. Bullcoming contends that if his counsel had investigated these issues, Mr. Bullcoming would have been acquitted based on this mitigating evidence.

Mr. Bullcoming's § 2255 motion attaches the 2002 plan upon which he relies. Mr. Bullcoming argues that the 2002 plan "allowed him to conduct the numerous financial transactions which would have exonerated him from guilt." (Doc. no. 76, p. 2.) Although some portions of the attached plan are highlighted, Mr. Bullcoming's memorandum does not offer any further explanation regarding how the plan exonerates Mr. Bullcoming. Accordingly, Mr. Bullcoming's claim of actual innocence is merely conclusory. On this basis the court rejects Mr. Bullcoming's claim of actual innocence and his associated ineffective assistance of counsel argument.

Despite the conclusory nature of the actual innocence allegation, the court has reviewed the highlighted portions of the plan. Having done so the court further finds that the 2002 plan does not, in any sense, render the charged conduct legal.

Mr. Bullcoming has not shown that his counsel's alleged failure to investigate innocence based on the provisions of the 2002 plan fell below an objectively reasonable standard. Nor has Mr. Bullcoming shown any prejudice as a result of the alleged failures by his counsel. In short, Mr. Bullcoming is not entitled to relief based on ineffective assistance of counsel for any of the reasons presented in ground two.

## Ground Three

In ground three, Mr. Bullcoming argues that he was deprived of effective assistance of counsel because he was not advised that he could present evidence at the sentencing proceedings. He contends that if he had been so advised, he would have testified and would have submitted the 2002 plan which he contends would have shown his innocence. He contends that a lesser sentence would have resulted. Mr. Bullcoming argues that because he was never advised of his ability to offer evidence, his counsel did not effectively represent him and that Rule 32, Fed. R. Crim. P., was violated.

The right to allocution is not constitutionally protected under federal law, and an alleged Rule 32 violation is not a proper subject of a collateral attack. Hill v. United States, 368 U.S. 424, 428 (1962); Harvey v. Shillinger, 76 F.3d 1528, 1534 (10th Cir. 1996). Regardless, Mr. Bullcoming has not shown that there was a violation of Rule 32. At the sentencing hearing, the court advised Mr. Bullcoming that it would be happy to hear anything he had to say to the court. Both Mr. Bullcoming and his counsel were allowed to make statements to the court. Third-party materials were considered and representatives of the tribe presented testimony. (Tr. of sentencing proceedings, attached to doc. no. 79 as ex. 2.) For example, the court considered letters in support of Mr. Bullcoming and it received a petition of support signed by 114 individuals. (Tr. of sentencing, pp. 33-34.)

Mr. Bullcoming has not shown that his counsel's performance in allegedly failing to advise regarding the ability to offer testimony or the 2002 plan, fell below an objective standard of reasonableness. Nor has Mr. Bullcoming shown that any prejudice was suffered as a result of the alleged failures. For example, the 2002 plan

which Mr. Bullcoming complains he was not advised he could present to the court at sentencing, does not constitute mitigating evidence as previously found by the court in this order. No basis for relief has been shown in ground three.

## Sovereign Immunity

Mr. Bullcoming's motion and his memorandum in support do not develop any arguments regarding his contention that he is entitled to sovereign immunity. Mr. Bullcoming raises his sovereign immunity argument for the first time in his reply brief. The court need not address arguments raised for the first time in a reply brief. This is not merely a technical matter, because when arguments are raised for the first time in a reply brief the opposing party typically does not have an opportunity to respond to them. Furthermore, on the merits of Mr. Bullcoming's sovereign immunity argument, the court finds that Mr. Bullcoming is not entitled to immunity. *See*, United States v. Boggs, 493 F.Supp. 1050,1054 (D. Mont. 1980) (legislative history of 18 U.S.C. § 1163 establishes an intent to subject the tribes to federal jurisdiction in matters of misapplication of tribal funds). Even if the doctrine of sovereign immunity were to otherwise apply, which it does not, that doctrine provides no protection when tribal officials are not acting within the scope of their delegated official powers, which is the case with respect to the conduct charged here in count one (and in all counts). Burrell v. Armijo, 456 F.3d 1159, 1174 (10th Cir. 2006) (reiterating this principle in this civil case which alleged violations of plaintiffs' civil rights and breach of farm lease, by tribe and tribal officials).

### Underlying Issues Not Raised on Direct Appeal

Mr. Bullcoming's papers may suggest that ineffective assistance of counsel, and actual innocence, excuse Mr. Bullcoming's failure to raise on appeal certain issues which arguably underlie or are related to his ineffective assistance of counsel claims. Neither ineffective assistance of counsel, nor actual innocence, however, have been shown by Mr. Bullcoming. Accordingly, for purposes of this § 2255 motion, Mr. Bullcoming's failure to raise any underlying issues on appeal constitutes a procedural default with respect to any such issues. *See*, United States v. Frady, 456 U.S. 152, 165 (1982) (collateral challenge may not do service for an appeal); United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993) (unless defendant can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or unless he can show that a fundamental miscarriage of justice will occur if his claim is not addressed, claims not raised on direct appeal although previously available, are barred in § 2255 proceedings).

### Evidentiary Hearing

Lastly, Mr. Bullcoming has asked the court to conduct an evidentiary hearing in this matter before it rules. Mr. Bullcoming's reply brief states that the court should hold an evidentiary hearing so that his attorney may be questioned about whether his investigation was deficient, and about his failure to submit the 2002 plan which Mr. Bullcoming contends evidences his sovereign immunity and constitutes mitigating evidence. Based on findings made to this point in this order, the court concludes that there is no need for an evidentiary hearing because the existing record clearly establishes that Mr. Bullcoming is not entitled to relief under § 2255. A hearing would be futile and the court denies the request. *See*, Sanders v. U.S., 373 U.S. 1, 21

(1963) (sentencing court has discretion to ascertain whether claim is substantial before granting a full evidentiary hearing in § 2255 matter).

### Conclusion

After careful consideration, Mr. Bullcoming's motion for relief under 28 U.S.C. § 2255 is **DENIED**.

Dated this 18th day of January, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0055p017.wpd